```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

ERNEST WRIGHT,                 )
          Plaintiff,           )
                               )
     v.                        ) C.A. No.  04-11118-NMG
                               )
STEPHEN N. LANDER, JILL        )
P. DAWICZYK, PATRICK M.        )
HART, and RICHARD D. KAHN,     )
          Defendants.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause, in writing, why this action should not be dismissed pursuant to Section 1915(e)(2).

FACTS

Ernest Wright, a resident of Boston, Massachusetts, commenced this action on May 25, 2004, by filing an application to proceed without prepayment of fees and a complaint naming four defendants. Each of the defendants is alleged to be a resident of Massachusetts. Compl. ¶ 1. Wright claims that the defendants agreed to submit false financial information in his state court divorce proceedings and "committed fraud" against him. Id. at ¶ 3. He seeks one million dollars in damages. Id. at ¶ 4.

ANALYSIS

I. The Court May Screen This Action

Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without

prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Actions may be screened and dismissed prior to the issuance of summonses. See id. at 324 (review may occur prior to issuance of process to spare prospective defendants the inconvenience and expense of answering defective complaint).

Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or the Court lacks subject-matter jurisdiction to review the claims.  See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject-matter jurisdiction).  Complaints containing claims based on indisputably meritless legal theories or factual allegations that are clearly baseless may be dismissed sua sponte and without notice.  Denton, 504 U.S. at 32.  Here,

plaintiff's complaint is subject to dismissal for lack of subject-matter jurisdiction because no federal question appears to be presented by his claims.

 II. No Federal Question Is Presented

Wright asserts that this Court has jurisdiction over his claims under 28 U.S.C. 1331. Under Section 1331, federal courts have jurisdiction over "federal question" cases. "Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. Viqueira, 140 F.3d at 17.

Here, the basis of plaintiff's claims is an alleged fraud perpetrated by the defendants, a common-law claim.[1] See, e.g.,

---

[1] In the "Cause of Action" section of his civil cover sheet, but nowhere within his complaint, Wright refers to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., ("RICO"), but does not cite any provisions of this act. Even if I were to consider plaintiff's claims as being brought pursuant to the civil enforcement provisions of RICO despite his failure to refer to this statute in his

Cummings v. HPG Intern., Inc., 244 F.3d 16, 20-23 (1st Cir. 2001) (describing elements of deceit and misrepresentation under Massachusetts law); cf. Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (stating that § 1983 does not provide relief against most private individuals because of the requirement that a deprivation be caused by a person acting under "color of state law").  The complaint thus does not involve claims pursuant to the Constitution or laws or treaties of the United States.  Therefore, no federal question is presented and this Court does not have federal question subject-matter jurisdiction over plaintiff's claims.  See 28 U.S.C. § 1331; Viqueira, 140 F.3d at 19 (affirming dismissal).[2]

---

complaint, see Civil Cover Sheet (stating that information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law), any such claims would also be subject to dismissal.  See, e.g., Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985) (listing elements of a § 1962(c) claim); Doyle v. Hasbro, Inc., 103 F.3d 186, 191 (1st Cir. 1996) (a defendant named as a "person" who has violated the RICO statute cannot also serve as the RICO enterprise that the person is allegedly conducting in violation of Section 1962(c)).  As a private citizen, Wright, of course, cannot bring this action pursuant to the criminal provisions of RICO.  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a criminal complaint under 18 U.S.C. §§ 1961-1963).

[2]Wright does not refer to the subject-matter jurisdiction provisions of Section 1332, but even if he did, that section is inapplicable because all of the parties are alleged to be residents of Massachusetts.  28 U.S.C. § 1332(a) (district courts have original

CONCLUSION

ACCORDINGLY, plaintiff shall demonstrate good cause, in writing, why this action should not be dismissed under 28 U.S.C. § 1915(e)(2) for the reasons stated above within thirty-five (35) days of the date of this Memorandum and Order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>8th</u> day of <u>October</u>, 2004.

                                  <u>s/ Nathaniel M. Gorton</u>
                                  NATHANIEL M. GORTON
                                  UNITED STATES DISTRICT JUDGE

---

jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000); <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978) (diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant); <u>Northeast Federal Credit Union v. Neves</u>, 837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); <u>Paparella v. Idreco Invest.</u>, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).