UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNEST WRIGHT, Plaintiff,

v.

STEPHEN N. LANDER, JILL P. DAWICZYK, PATRICK M. HART, and RICHARD D. KAHN, Defendants.

C.A. No. 04-11118-NMG

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the above captioned matter shall be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

FACTS

Ernest Wright, a resident of Boston, Massachusetts, commenced this action on May 25, 2004, by filing a complaint naming four Massachusetts defendants. Compl. ¶ 1. Wright claims that the defendants agreed to submit false financial information in his state court divorce proceedings and "committed fraud" against him. Id. at ¶ 3. He seeks one million dollars in damages. Id. at ¶ 4.

On October 8, 2004, a Memorandum and Order issued directing Plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(e)(2) for failure to present a federal question. Specifically, Plaintiff was required to show how his alleged fraud claims against the defendants constituted a federal action pursuant to the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

In response to that show cause order, Plaintiff submitted a four-page handwritten document, in which he seeks to amend his complaint to assert a RICO claim against the four defendants. He also submitted the deposition transcript of defendant Richard Kahn, dated April 19, 2002, in support of his claims. In most of Plaintiff's submission, he merely makes black letter recitations of various cases and rules, to support his request to amend the complaint.[1] While not inapplicable, they provide no additional support for Plaintiff's claims, without any factual references to the claims at hand. The crux of his response however is as follows:

1. I am alleging that the defendants conducted a fraudulent scheme to obtain a divorce settlement agreement that decreased the settlement in terms of property.

2. All the defendants where acting as part of an enterprise when the injury to me arose.

---

[1] For instance, Plaintiff cites to the following: Gomez v. USA Federal Savings Bank, 171 F.3d 794 (2nd Cir. 1999)(court should permit pro se plaintiff to file an amended complaint...); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (dismissal of complaint pursuant to § 1915(e)(2)(B)(ii) only appropriate if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief); Livingston v. Adirondack Beverage Co. (no cite stated)(complaint may be dismissed sua sponte for frivolousness under § 1915(e)(2)); Fed. R. Civ. P. 11(b)(3); 8(e)(2).

3. They engaged in a number of predicated acts, mail fraud would be one of them.

4. I have enclosed a copy of a deposition in which two of the defendants are quoted. Please add this deposition of Richard Kahn to my complaint.

(Docket No. 6, page 3).

ANALYSIS

Although Plaintiff strenuously asserts his claim is founded in RICO violations, his filings fail to demonstrate the essential elements to establish a RICO claim. RICO makes it unlawful, inter alia, "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in ... a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

To state a RICO claim, a plaintiff must allege each of the four elements required by the statute: "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003) (citations omitted).

The first requirement that a plaintiff must establish is the existence of an enterprise. See Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997). An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated

in fact although not a legal entity." 18 U.S.C. § 1961(4). Here, although Plaintiff alleges the existence of an enterprise, he provides no factual support for this contention. Additionally, Plaintiff's amended complaint fails to identify any enterprise, distinct from a named person defendant, and his failure to do so is fatal under RICO. Doyle v. Hasbro, Inc., 103 F.3d 186, 190-91 (1st Cir. 1996).

Next, a plaintiff must allege a pattern of racketeering activity. "By statute, the 'pattern' element requires a plaintiff to show at least two predicate acts of 'racketeering activity,' which is defined to include violations of specified federal laws, such as the mail and wire fraud statutes." Id. (citing Efron v. Embassy Suites (P.R.) Inc., 223 F.3d 12, 15 (1st Cir. 2000)). Here, Plaintiff's show cause response/amended complaint fails to allege with specificity any facts that would indicate violations of these statutes. Additionally, even if Plaintiff's complaint is construed to allege one predicate act enumerated under RICO, the statute requires Plaintiff to plead a pattern, i.e. at least two predicate acts. See Miranda v. Ponce Fed. Bank, 948 F.2d 41, 45 (1st Cir. 1991).

A review of the deposition provides no support to the Plaintiff’s contentions, and mainly reveals the needlessly

contentious conduct of counsel in the course of that deposition. Plaintiff attempts to incorporate the entire transcript, but does not point to any specific factual statements of any defendant which support his assertion of a RICO enterprise or RICO conduct.

The only new allegation raised by Plaintiff was that the defendants used the mails to carry out the fraudulent scheme. This, however, is merely a bald assertion and does not contain any evidentiary support. No details are provided as to when the alleged fraudulent mailings occurred, to whom the mailings were made, by whom the mailings were received, and what language in the letters constituted fraudulent conduct. Such references to the use of mails not only fail to meet the RICO requirements, but also fail to meet the particularity requirements of Fed. R. Civ. P. 9(b). See, e.g., Brown v. Newberger, 291 F.3d 89, 93 (1st Cir. 2002) (citing Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997)).

Finally, even assuming Plaintiff alleged the necessary pattern of racketeering activity, Plaintiff must also allege that his injury stemmed from a predicate act within the purview of the RICO statute. Miranda, 948 F.2d at 48 (1st Cir. 1991) (citations omitted). Although Plaintiff complains that he lost money in a property divorce settlement agreement, he

has failed to demonstrate how any of the predicate acts by the defendants resulted directly or indirectly in that loss.

Here, the basis of Plaintiff's claims of fraud appear to be based purely on state common law. See, e.g., Cummings v. HPG Intern., Inc., 244 F.3d 16, 20-23 (1st Cir. 2001) (describing elements of deceit and misrepresentation under Massachusetts law). Neither the complaint nor the amended complaint involve claims pursuant to the Constitution or laws or treaties of the United States, and therefore no federal question is presented. Accordingly, this Court lacks federal question subject-matter jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 19 (1st Cir. 1998) (affirming dismissal).[2]

[2] Plaintiff explicitly claims his case arises out of a federal question, and does not assert diversity jurisdiction as a basis for this Court's jurisdiction.

CONCLUSION

Based on the foregoing, I find that Plaintiff has failed to demonstrate good cause why this action should not be dismissed. Accordingly, for the reasons set forth in this Memorandum and Order, and for the reasons previously set forth in the October 8, 2004 Memorandum and Order, it is hereby

ORDERED:

1. Plaintiff's Motion to Amend Complaint is ALLOWED; and

2. This action is hereby ORDERED DISMISSED under 28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of December, 2004.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE